NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**ANTHONY M. BUSSIE,**
*Plaintiff-Appellant,*

v.

**UNITED STATES,**
*Defendant-Appellee.*

---

2011-5085

---

Appeal from the United States Court of Federal Claims in case no. 10-CV-443, Judge Charles F. Lettow.

---

Decided: October 7, 2011

---

ANTHONY M. BUSSIE, of Camden, New Jersey, pro se.

JEANNE E. DAVIDSON, Director, Commercial Litigation Branch, Civil Division, United States Department of Justice of Washington, DC, for defendant-appellee. With her on the brief was TONY WEST, Assistant Attorney General.

---

Before NEWMAN, MAYER, and PLAGER, *Circuit Judges*.

PER CURIAM.

Anthony Bussie appeals a final order of the United States Court of Federal Claims dismissing his complaint seeking $50 million dollars for the psychic work that he allegedly performed on behalf of the United States. *See Bussie v. United States*, 96 Fed. Cl. 89 (Fed. Cl. 2011). We *affirm*.

Bussie, acting *pro se*, filed a complaint in the Court of Federal Claims alleging that he had not been compensated for the "Remote View or Psychic work" that he had performed for the federal government. He contended that the government's failure to pay him for his work was "criminal or against federal law," and named several public figures, including President Barack Obama, former President George W. Bush, and former Alaska Governor Sarah Palin, as defendants in his suit. Bussie alleged that he had assisted in the pursuit of "High Value Targets," including the "9/11 mastermind[s]."

We conclude that the Court of Federal Claims correctly dismissed Bussie's complaint. "The Tucker Act grants the Court of Federal Claims jurisdiction over suits against the United States, not against individual federal officials." *Brown v. United States*, 105 F.3d 621, 624 (Fed. Cir. 1997) (citing 28 U.S.C. § 1491(a)). Accordingly, the court had no jurisdiction to consider Bussie's claim seeking damages from current and former government officials.

Furthermore, even assuming that Bussie's suit could be construed as one seeking damages from the United States, rather than from particular individuals, the Court of Federal Claims properly granted the government's motion to dismiss his claim. There is no dispute that the

Court of Federal Claims has jurisdiction to adjudicate claims involving implied-in-fact contracts between private parties and the United States. *See Barrett Ref. Corp. v. United States*, 242 F.3d 1055, 1059 (Fed. Cir. 2001). Here, however, Bussie failed to articulate facts sufficient to support a valid claim for breach of an implied contract. While he made broad assertions that he had performed psychic activities for various presidential administrations and that the government owed him $50 million for his efforts, Bussie provided virtually no factual support for his allegations. To state a valid claim, a plaintiff's complaint need not "set out in detail the facts upon which the claim is based." *Cary v. United States*, 552 F.3d 1373, 1376 (Fed. Cir. 2009). A mere "formulaic recitation of the elements of a cause of action," however, is insufficient to survive a motion to dismiss for failure to state a claim. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Because Bussie's complaint contained only conclusory allegations, with no factual predicate to support his contentions, the trial court properly dismissed his claim. *See Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1951 (2009) ("It is the conclusory nature of [a litigant's] allegations, rather than their extravagantly fanciful nature, that disentitles them to the presumption of truth."); *Bell Atl.*, 550 U.S. at 555 (emphasizing that "[f]actual allegations must be enough to raise a right to relief above the speculative level").

The Court of Federal Claims likewise did not err in dismissing Bussie's Fifth Amendment takings claim. A valid takings claim requires a showing that the government has deprived a claimant of a "legally cognizable property interest." *Am. Pelagic Fishing Co. v. United States*, 379 F.3d 1363, 1373 (Fed. Cir. 2004). Bussie, however, failed to identify any legally cognizable property

interest that could even arguably form the basis of a takings claim.

On appeal, Bussie argues that the Court of Federal Claims applied "the wrong laws" and issued a "deadbeat decision." We disagree. In a thorough and well-reasoned opinion, the Court of Federal Claims carefully considered each of Bussie's allegations, but correctly concluded that his complaint should be dismissed.