Elmer Lee JEFFERSON, Plaintiff,

v.

UNITED STATES, Defendant.

No. 11–776C.

United States Court of Federal Claims.

March 15, 2012.

Elmer Lee Jefferson, Jefferson City, MO, pro se.

Kenneth D. Woodrow, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, D.C., for the defendant. With him were Franklin E. White, Jr., Assistant Director, Jeanne E. Davidson, Director, Commercial Litigation Branch, and Tony West, Assistant Attorney General, Civil Division.

## ORDER

HORN, Judge.

The case currently before the court was filed by Elmer Lee Jefferson, a *pro se* plaintiff and prisoner at the Algoa Correctional Center in Jefferson City, Missouri.[1] The current complaint asserts allegations against the United States for conspiracy pursuant to 42 U.S.C. § 1985(3) (2006). Although plaintiff includes a number of attachments, apparently designed to lay out his claims, plaintiff's complaint in this court is short, stating in its entirety:

---

1. The court notes that plaintiff apparently has filed multiple earlier actions in state and federal courts. *See* most recently, *Jefferson v. Campbell, et al.*, No. 11–720 (8th Cir., Jun. 23, 2011); followed by *Jefferson v. Salazar*, No. 1:11–CV–57–NLJ (E.D.Mo., May 11, 2011); *Jefferson v. Campbell, et al.*, No. 1:10–CV201–LMB (E.D.Mo., Jan. 13, 2011); *State of Missouri v. Jefferson*, 341 S.W.3d 690 (Mo.App.2011) (appeal from conviction); *Jefferson v. John Spielman, et al.*, No. 09–2586 (8th Cir., Nov. 20, 2009); *Jefferson et al. v. Burke et al.*, 1:09–CV–00049–LMB (E.D.Mo., Jun. 12, 2009); *Jefferson v. Carlock*, No. 3:089–CV–00146–SWW (E.D.Ark., Sep. 9, 2008); *Jefferson v. Smith, etc.*, No. 07–3209 (8th Cir., Feb. 15, 2008); *Jefferson v. Burke*, 2008 WL 413818 (E.D.Mo. Feb. 13, 2008) (unreported) (motion to proceed *in forma pauperis* ); *Jefferson v. Burke et al.*, No. 1:08–CV–00007–CAS (E.D.Mo., filed Jan. 18, 2008); *Jefferson v. Smith*, 2007 WL 2409745 (E.D.Mo. Aug. 20, 2007) (unreported) (motion to proceed in forma *pauperis); Jefferson v. Sokoloff, et al.*, No. 07–1621 (8th Cir., Mar. 28, 2007); *Jefferson v. Sokoloff*, 2007 WL 172561 (E.D.Mo. Jan. 19, 2007) (unreported) (motion to proceed *in forma pauperis* ); *Elmer v. Jefferson*, No. 06–4215 (8th Cir., Jan. 12, 2007); *Jefferson v. Sokoloff, et al.*, No. 1:06–CV–00189–LMB (E.D.Mo., filed Dec. 26, 2006); *Jefferson v. Sokoloff et al.*, No. 1:06–CV–00171–LMB (E.D.Mo., filed Nov. 17, 2006); *Jefferson v. Holder*, No. 1:04–CV–00175–LMB (E.D.Mo., filed Dec. 13, 2004); *Jefferson v. Moore*, No. 02–1120 (8th Cir., filed Jan. 15, 2002); *In re E. Jefferson V.*, No. 01–3436 (8th Cir., filed Oct. 23, 2001); *Jefferson v. Moore*, No. 4:00–CV–01647–CAS (E.D.Mo., filed Oct. 13, 2000); and *Jefferson v. Sharp*, No. 1:98–CV–0140 LMB (E.D.Mo., filed Dec. 15, 1998).

Comes now Plaintiff Elmer Lee Jefferson Pro Se in the above and entitled cause. Who moves this Honorable Court respectively [sic] in a joinder of actions for Conspiracy by the United States Officials. In Support of this Complaint, see the attached Complaint filed in the U.S. District Court, Eastern District of Missouri, Southeastern Division.

Plaintiff requests no specific relief. He does, however, attach to the complaint filed in this court, a hand-written copy of what appears to be a complaint he previously filed in the United States District Court for the Eastern District of Missouri, Case No. 1:09–CV–00049–LMB. The plaintiff also includes with his complaint a copy of the District Court Order dismissing one of his cases, three pages he seems to have derived by primarily quoting words from *Federer v. Gephardt*, 363 F.3d 754 (8th Cir.2004), and a copy of a motion to proceed *in forma pauperis* filed in *Jefferson v. Campbell*, No. 1:10–CV–201–LMB, in the United States District Court for the Eastern District of Missouri. Significantly, plaintiff also attaches an Order in *Jefferson v. Salazar*, No. 1:11–CV–57–SNLJ, dated April 13, 2011, notifying plaintiff that if he does not pay the filing fee, his case will be dismissed. The Order states:

> Plaintiff has not paid the statutory filing fee, and the court will not permit plaintiff to proceed *in forma pauperis* because he has obtained three strikes under 28 U.S.C. § 1915(g). (citing *Jefferson v. Sharp*, 1:98–CV140–LMB (E.D.Mo.); *Jefferson v. Holder*, 1:04–CV–0175–LMB (E.D.Mo.); and *Jefferson v. Burke*, 1:08–CV–0007–CAS (E.D.Mo.)).[2]

The complaint in the District Court for the Eastern District of Missouri he copied and attached to his complaint in this court asserted a series of confused allegations, not against the United States, but against Dunklin County and employees of the Dunklin County and Kennett, Missouri Police Departments. Plaintiff alleged that a number of police officers unlawfully arrested, assaulted, prosecuted, and harassed him and that the police commissioner failed to take corrective action against the officers, and failed to properly supervise them. The complaint stated that, "[t]his action is brought pursuant to 42 U.S.C.1983 and 1988 and the first, fourth, fifth, eighth, and fourteenth amendments to the Constitution of the United States."

According to the allegations made by plaintiff in the United States District Court for the Eastern District of Missouri complaint, plaintiff was:

> driving his vehicle, a white 2002 Oldsmobile Bravada with Missouri Registration CB2G9M traveling North on North Vandeventer Street in Kennett, Missouri At this point defendant activated his emergency lights and I stopped. I then exited my vehicle with my hands in front of me with my wallet in my hand and I was attacked and slammed onto the hood of the police car where my teeth were loosed and I was mazed [sic] and injured while wearing my black back support.... Plaintiff was not read his Miranda Warnings and was taken directly to the Dunklin County Jail ... plaintiff fell to the floor after being stripped of back support and was dragged into a cell up front and kicked into the groin....

Plaintiff further alleged that he:

> has a related issue involving some of the same officials related issue of *Jefferson, Elmer et al. v. Burkeetaal,*[3] in 2007 arrest on or about March 23, 2007 when after being informed that a baby was present in our home, they mazed [sic] a one year old baby and my 14 year old daughter at that time. This also involves Police Misconduct.

Plaintiff claimed that he was charged with "Resisting Arrest, False Impersonation, assault of a law enforcement officer 2 Counts, and Resisting/Interfering Arrest were terminated in favor of plaintiff Elmer Jefferson." Plaintiff also asserted that:

---

**2.** *Jefferson v. Salazar*, No. 1:11–CV–57–SNLJ, was closed on May 11, 2011. Plaintiff did not file a Motion to Proceed In Forma Pauperis in this court.

**3.** A case bearing this caption has not been identified, although several of the cases listed in footnote one, above, are captioned against an individual named Burke.

the abused [sic] to which plaintiff was subjected was consistent with an institutionalized practice of the Dunklin County Police Department, which was known to and ratified by defendants.... On information and belief, defendants ... and others and County had prior notice of the vicious propensities of defendants but took no steps to train them, Correct their abuse. of authority, or to discourage their unlawful use of authority.

Plaintiff then described his "Federal Causes of Action" in the District Court for the Eastern District of Missouri:

The hereinabove described actions and omissions engaged in under Color of State authority by the defendants, including defendant County sued as a person, responsible because of authorization, condonation, and radification [sic] thereof for acts of its agents, deprived the plaintiff of his rights secured by the Constitution of the United States, including, but not limited to his first amendment right to freedom of expression, his fourth amendment right to be free from unlawful seizure of his person, his fifth and fourteenth amendment rights to due process of law, including the right to be free from unjustified and excessive force utilized by police, and his eighth amendment right to be free from cruel and unusual punishment.

Pendent Causes of Action

The allegations set forth in paragraphs 1 through 23 are repeated and realleged.... The acts and Conduct hereinbefore alleged Constitutes false arrest and imprisonment, assault and battery, malicious prosecution, abuse of process, prima facie tort, Conspiracy tort, negligence, and gross negligence under the laws of the State of Missouri. This Court has pendant jurisdiction to hear and adjudicate these claims.

In an additional submission to this court, filed subsequent to the filing of his complaint, plaintiff sent a copy of a letter written to the Department of Justice, which states:

The law provides (R.S. Sects. 359, 367, 5 U.S.C.A. Secs. 309, 316, 2 F.C.A. Title 5 Sections 309, 316); See *Booth v. Fletcher, United States Court of Appeals, for The District of Columbia,* 101 F.2d [676,] 679, 69 App.D.C. 351, 1938 U.S.App. LEXIS 2545 "Sec. 359* * * [sic] the Attorney General may whenever he deems it for the interest of the United States, either in person conduct and argue any case in any Court of the United States in which the United States is interested."

The letter goes on to say that the Attorney General and other Department of Justice employees may conduct legal proceedings and ends: "[t]he Attorney General has powers of general Superintendence and direction over district attorneys ... Thus he may displace district attorneys in their own suits, dismiss or Compromise them, institute those which they decline to press." The letter also includes a handwritten mailing to a United States Attorney in Missouri which begins:

In the Southeastern District of Missouri: I.My name is Elmer Lee Jefferson 33° and I am a United States Representative, A member of Congress in the United States and The Past Grand Master in the United States Department of Justice, Civil Rights Division, Special Litigation Section, and a free Person in the Federal Bureau of Investigation to include every branch of government.

The mailing to the United States Attorney then appears to detail the same facts as alleged in the complaint filed in the District Court for the Eastern District of Missouri.

The letter also includes two additional letters, one about conspiracies to deny equal rights, and one which states it is an appeal to the United States Court of Appeals for the Eighth Circuit. The "appeal" letter is addressed not only to the Eighth Circuit, but also to the United States House of Representatives and the United States Department of Justice. The "appeal" letter mentions intervening in a case, as well as a writ of mandamus to "move[ ] this Congress of the United States to review these issues to 'Discipline through Delegation, solving this problem through Congressional housecleaning to provide the EQUAL PROTECTION OF THE LAWS." What seems to be an addendum to the "appeal" letter, included directly after plaintiff's signature and certificate of service for the "appeal," discusses a demand for a jury trial, impeachment and removal of fed-

eral judges, and some unnamed petition in: "In re United States of America; Janet Reno, Attorney General; and Eric H. Holder, Jr., Deputy Attorney General, Petitioners: No. 99–3199," and states, "the Eastern District of Arkansas denied motion to quash subpoenas directing United States Attorney General and her deputy to testify in connection w[sic]." The letters are confused and impossible to follow. They, like the complaints filed in this court and in the District Court for the Eastern District of Missouri, are random recitations of unrelated information and contain no specific information helpful to plaintiff's case. No comprehensible request is made, and plaintiff makes no attempt to explain why the letters are relevant to the complaint plaintiff filed in this court.

Defendant filed a motion to dismiss for lack of subject matter jurisdiction. Defendant asserts that this court lacks jurisdiction to entertain plaintiff's complaint because plaintiff raises no issue which implicates a money-mandating statute, this court cannot review the decisions of other courts or their clerks, this court lacks jurisdiction over civil rights claims and over claims against states, localities, or state and local government entities or employees, and this court cannot award punitive damages.

## DISCUSSION

■ When determining whether a complaint filed by a *pro se* plaintiff is sufficient to invoke review by a court, *pro se* plaintiffs are entitled to liberal construction of their pleadings. *See Haines v. Kerner,* 404 U.S. 519, 520–21, 92 S.Ct. 594, 30 L.Ed.2d 652 (requiring that allegations contained in a pro se complaint be held to "less stringent standards than formal pleadings drafted by lawyers"), *reh'g denied,* 405 U.S. 948, 92 S.Ct. 963, 30 L.Ed.2d 819 (1972); *see also Erick-*

son v. Pardus, 551 U.S. 89, 94, 127 S.Ct. 2197, 167 L.Ed.2d 1081 (2007); *Hughes v. Rowe,* 449 U.S. 5, 9–10, 101 S.Ct. 173, 66 L.Ed.2d 163 (1980); *Estelle v. Gamble,* 429 U.S. 97, 106, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976), *reh'g denied,* 429 U.S. 1066, 97 S.Ct. 798, 50 L.Ed.2d 785 (1977). However, "there is no 'duty [on the part] of the trial court … to create a claim which [plaintiff] has not spelled out in his [or her] pleading....'" *Scogin v. United States,* 33 Fed.Cl. 285, 293 (1995) (quoting *Clark v. Nat'l Travelers Life Ins. Co.,* 518 F.2d 1167, 1169 (6th Cir.1975)) (alterations in original); *see also Bussie v. United States,* 96 Fed.Cl. 89, 94, *aff'd,* 443 Fed.Appx. 542 (Fed.Cir.2011); *Minehan v. United States,* 75 Fed.Cl. 249, 253 (2007). "While a *pro se* plaintiff is held to a less stringent standard than that of a plaintiff represented by an attorney, the *pro se* plaintiff, nevertheless, bears the burden of establishing the Court's jurisdiction by a preponderance of the evidence." *Riles v. United States,* 93 Fed.Cl. 163, 165 (2010) (citing *Hughes v. Rowe,* 449 U.S. at 9, 101 S.Ct. 173 and *Taylor v. United States,* 303 F.3d 1357, 1359 (Fed.Cir.) ("Plaintiff bears the burden of showing jurisdiction by a preponderance of the evidence."), *reh'g and reh'g en banc denied* (Fed.Cir. 2002)).[4]

■ It is well established that "'subject-matter jurisdiction, because it involves a court's power to hear a case, can never be forfeited or waived.'" *Arbaugh v. Y & H Corp.,* 546 U.S. 500, 514, 126 S.Ct. 1235, 163 L.Ed.2d 1097 (2006) (quoting *United States v. Cotton,* 535 U.S. 625, 630, 122 S.Ct. 1781, 152 L.Ed.2d 860 (2002)). "[F]ederal courts have an independent obligation to ensure that they do not exceed the scope of their jurisdiction, and therefore they must raise and decide jurisdictional questions that the parties either overlook or elect not to press."

4. In one of his filings subsequent to when plaintiff filed his complaint in this court, Mr. Jefferson requested appointment of counsel. Courts have the power to appoint counsel to indigent plaintiffs, but that power is narrowly circumscribed. The United States Supreme Court has indicated that counsel may be appointed in civil cases in which a severe penalty may be imposed such as loss of liberty through civil commitment or loss of custody of a child. *See e.g., Lassiter v. Dept. of Soc. Servs.,* 452 U.S. 18, 31, 101 S.Ct. 2153, 68

L.Ed.2d 640 (1981); *Vitek v. Jones,* 445 U.S. 480, 496–97, 100 S.Ct. 1254, 63 L.Ed.2d 552 (1980); *see also Pleasant–Bey v. United States,* 99 Fed.Cl. 363, 366 (2011); *Washington v. United States,* 93 Fed.Cl. 706, 708 (2010). Plaintiff's claims or situation do not dictate appointment of counsel in this case. Nor would the appointment of counsel cure the failure of the plaintiff to raise issues within the jurisdiction of the court, as is discussed below.

*Henderson ex rel. Henderson v. Shinseki,* —— U.S. ——, 131 S.Ct. 1197, 1202, 179 L.Ed.2d 159 (2011); *see also Hertz Corp. v. Friend,* —— U.S. ——, 130 S.Ct. 1181, 1193, 175 L.Ed.2d 1029 (2010) ("Courts have an independent obligation to determine whether subject-matter jurisdiction exists, even when no party challenges it." (citing *Arbaugh v. Y & H Corp.,* 546 U.S. at 514, 126 S.Ct. 1235)); *Special Devices, Inc. v. OEA, Inc.,* 269 F.3d 1340, 1342 (Fed.Cir.2001) ("[A] court has a duty to inquire into its jurisdiction to hear and decide a case." (citing *Johannsen v. Pay Less Drug Stores N.W., Inc.,* 918 F.2d 160, 161 (Fed.Cir.1990))); *View Eng'g, Inc. v. Robotic Vision Sys., Inc.,* 115 F.3d 962, 963 (Fed.Cir.1997) ("[C]ourts must always look to their jurisdiction, whether the parties raise the issue or not."). "The objection that a federal court lacks subject-matter jurisdiction ... may be raised by a party, or by a court on its own initiative, at any stage in the litigation, even after trial and the entry of judgment." *Arbaugh v. Y & H Corp.,* 546 U.S. at 506, 126 S.Ct. 1235; see also *Rick's Mushroom Serv., Inc. v. United States,* 521 F.3d 1338, 1346 (Fed.Cir.2008) ("[A]ny party may challenge, or the court may raise sua sponte, subject matter jurisdiction at any time." (citing *Arbaugh v. Y & H Corp.,* 546 U.S. at 506, 126 S.Ct. 1235; *Folden v. United States,* 379 F.3d 1344, 1354 (Fed.Cir.), *reh'g and reh'g en banc denied* (Fed.Cir. 2004), *cert. denied,* 545 U.S. 1127, 125 S.Ct. 2935, 162 L.Ed.2d 865 (2005); and *Fanning, Phillips & Molnar v. West,* 160 F.3d 717, 720 (Fed.Cir.1998))); *Pikulin v. United States,* 97 Fed.Cl. 71, 76, *appeal dismissed,* 425 Fed. Appx. 902 (Fed.Cir.2011). In fact, "[s]ubject matter jurisdiction is an inquiry that this court must raise *sua sponte,* even where, as here, neither party has raised this issue." *Metabolite Labs., Inc. v. Lab. Corp. of Am. Holdings,* 370 F.3d 1354, 1369 (Fed.Cir.) (citing *Textile Prods., Inc. v. Mead Corp.,* 134 F.3d 1481, 1485 (Fed.Cir.), *reh'g and en banc suggestion denied* (Fed.Cir. 1998)), *reh'g and reh'g en banc denied* (Fed.Cir. 2004), *cert. granted in part,* 546 U.S. 975, 126 S.Ct. 543, 163 L.Ed.2d 458 (2005), *cert. dismissed as improvidently granted,* 548 U.S. 124, 126 S.Ct. 2921, 165 L.Ed.2d 399 (2006).

Pursuant to the Rules of the United States Court of Federal Claims (RCFC) and the Federal Rules of Civil Procedure, a plaintiff need only state in the complaint "a short and plain statement of the grounds for the court's jurisdiction," and "a short and plain statement of the claim showing that the pleader is entitled to relief." RCFC 8(a)(1), (2) (2011); Fed.R.Civ.P. 8(a)(1), (2) (2011); *see also Ashcroft v. Iqbal,* 556 U.S. 662, 129 S.Ct. 1937, 1949–50, 173 L.Ed.2d 868 (2009) (citing *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555–57, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)). "Determination of jurisdiction starts with the complaint, which must be well-pleaded in that it must state the necessary elements of the plaintiff's claim, independent of any defense that may be interposed." *Holley v. United States,* 124 F.3d 1462, 1465 (Fed.Cir.) (citing *Franchise Tax Bd. v. Constr. Laborers Vacation Trust,* 463 U.S. 1, 103 S.Ct. 2841, 77 L.Ed.2d 420 (1983)), *reh'g denied* (Fed.Cir. 1997); *see also Klamath Tribe Claims Comm. v. United States,* 97 Fed.Cl. 203, 208 (2011); *Gonzalez–McCaulley Inv. Grp., Inc. v. United States,* 93 Fed. Cl. 710, 713 (2010). "Conclusory allegations of law and unwarranted inferences of fact do not suffice to support a claim." *Bradley v. Chiron Corp.,* 136 F.3d 1317, 1322 (Fed.Cir. 1998); *see also McZeal v. Sprint Nextel Corp.,* 501 F.3d 1354, 1363 n. 9 (Fed.Cir.2007) (Dyk, J., concurring in part, dissenting in part) (quoting C. Wright and A. Miller, *Federal Practice and Procedure* § 1286 (3d ed. 2004)). As stated in *Ashcroft v. Iqbal,* "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' [*Bell Atlantic Corp. v. Twombly,*] 550 U.S. at 555 [127 S.Ct. 1955]. Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Ashcroft v. Iqbal,* 556 U.S. 662, 129 S.Ct. at 1949 (quoting *Bell Atlantic Corp. v. Twombly,* 550 U.S. at 555, 127 S.Ct. 1955).

▮ When deciding a case based on a lack of subject matter jurisdiction, this court must assume that all undisputed facts alleged in the complaint are true and must draw all reasonable inferences in the non-movant's favor. *See Erickson v. Pardus,* 551 U.S. at 94, 127 S.Ct. 2197 (citing *Bell Atlantic Corp. v.*

*Twombly,* 550 U.S. at 555–56, 127 S.Ct. 1955 (citing *Swierkiewicz v. Sorema N. A.,* 534 U.S. 506, 508 n. 1, 122 S.Ct. 992, 152 L.Ed.2d 1 (2002))); *Scheuer v. Rhodes,* 416 U.S. 232, 236, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974); *United Pac. Ins. Co. v. United States,* 464 F.3d 1325, 1327–28 (Fed.Cir.2006); *Samish Indian Nation v. United States,* 419 F.3d 1355, 1364 (Fed.Cir.2005); *Boise Cascade Corp. v. United States,* 296 F.3d 1339, 1343 (Fed.Cir.), *reh'g and reh'g en banc denied* (Fed.Cir. 2002), *cert. denied,* 538 U.S. 906, 123 S.Ct. 1484, 155 L.Ed.2d 226 (2003).

■ The Tucker Act grants jurisdiction to this court as follows:

> The United States Court of Federal Claims shall have jurisdiction to render judgment upon any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort.

28 U.S.C. § 1491(a)(1) (2006). As interpreted by the United States Supreme Court, the Tucker Act waives sovereign immunity to allow jurisdiction over claims against the United States (1) founded on an express or implied contract with the United States, (2) seeking a refund from a prior payment made to the government, or (3) based on Federal constitutional, statutory, or regulatory law mandating compensation by the federal government for damages sustained. *See United States v. Navajo Nation,* 556 U.S. 287, 289–90, 129 S.Ct. 1547, 173 L.Ed.2d 429 (2009); *United States v. Testan,* 424 U.S. 392, 400, 96 S.Ct. 948, 47 L.Ed.2d 114 (1976); *see also Greenlee Cnty., Ariz. v. United States,* 487 F.3d 871, 875 (Fed.Cir.), *reh'g and reh'g en banc denied* (Fed.Cir. 2007), *cert. denied,* 552 U.S. 1142, 128 S.Ct. 1082, 169 L.Ed.2d 810 (2008); *Palmer v. United States,* 168 F.3d 1310, 1314 (Fed.Cir.1999). In *Ontario Power Generation, Inc. v. United States,* 369 F.3d 1298 (Fed.Cir.2004), the court stated, "[t]he underlying monetary claims are of three types.... First, claims alleging the existence of a contract between the plaintiff and the government fall within the Tucker Act's waiver." *Id.* at 1301 (citations omitted).

■ "Not every claim invoking the Constitution, a federal statute, or a regulation is cognizable under the Tucker Act. The claim must be one for money damages against the United States...." *United States v. Mitchell,* 463 U.S. 206, 216, 103 S.Ct. 2961, 77 L.Ed.2d 580 (1983); *see also United States v. White Mountain Apache Tribe,* 537 U.S. 465, 472, 123 S.Ct. 1126, 155 L.Ed.2d 40 (2003); *Radioshack Corp. v. United States,* 566 F.3d 1358, 1360 (Fed.Cir.2009); *Rick's Mushroom Serv., Inc. v. United States,* 521 F.3d at 1343 ("[P]laintiff must ... identify a substantive source of law that creates the right to recovery of money damages against the United States."). In *Ontario Power Generation, Inc. v. United States,* the United States Court of appeals for the Federal Circuit identified three types of monetary claims for which jurisdiction is lodged in the United States Court of Federal Claims. The court wrote:

> The underlying monetary claims are of three types.... First, claims alleging the existence of a contract between the plaintiff and the government fall within the Tucker Act's waiver.... Second, the Tucker Act's waiver encompasses claims where "the plaintiff has paid money over to the Government, directly or in effect, and seeks return of all or part of that sum." *Eastport S.S. [Corp. v. United States,* 178 Ct.Cl. 599,] 372 F.2d [1002,] 1007–08 [ (1967) ] (describing illegal exaction claims as claims "in which 'the Government has the citizen's money in its pocket' " (quoting *Clapp v. United States,* 127 Ct.Cl. 505, 117 F.Supp. 576, 580 (1954)))... Third, the Court of Federal Claims has jurisdiction over those claims where "money has not been paid but the plaintiff asserts that he is nevertheless entitled to a payment from the treasury." *Eastport S.S.,* 372 F.2d at 1007. Claims in this third category, where no payment has been made to the government, either directly or in effect, require that the "particular provision of law relied upon grants the claimant, expressly or by implication, a right to be paid a certain sum." *Id.; see also Testan,* 424 U.S. at 401–02, 96 S.Ct. 948 ("Where the United

States is the defendant and the plaintiff is not suing for money improperly exacted or retained, the basis of the federal claim-whether it be the Constitution, a statute, or a regulation-does not create a cause of action for money damages unless, as the Court of Claims has stated, that basis 'in itself ... can fairly be interpreted as mandating compensation by the Federal Government for the damage sustained.' " (quoting *Eastport S.S.*, 372 F.2d at 1009)). This category is commonly referred to as claims brought under a "money-mandating" statute.

*Ontario Power Generation, Inc. v. United States*, 369 F.3d at 1301.

■ To prove that a statute or regulation is money-mandating, a plaintiff must demonstrate that an independent source of substantive law relied upon " 'can fairly be interpreted as mandating compensation by the Federal Government.' " *United States v. Navajo Nation*, 556 U.S. at 290, 129 S.Ct. 1547 (quoting *United States v. Testan*, 424 U.S. at 400, 96 S.Ct. 948); *see also United States v. White Mountain Apache Tribe*, 537 U.S. at 472, 123 S.Ct. 1126; *United States v. Mitchell*, 463 U.S. at 217, 103 S.Ct. 2961; *Blueport Co., LLC v. United States*, 533 F.3d 1374, 1383 (Fed.Cir.2008), *cert. denied*, 555 U.S. 1153, 129 S.Ct. 1038, 173 L.Ed.2d 468 (2009). The source of law granting monetary relief must be distinct from the Tucker Act itself. *See United States v. Navajo Nation*, 556 U.S. at 290, 129 S.Ct. 1547 (The Tucker Act does not create "substantive rights; [it is simply a] jurisdictional provision[ ] that operate[s] to waive sovereign immunity for claims premised on other sources of law (*e.g.*, statutes or contracts)."). " 'If the statute is not money-mandating, the Court of Federal Claims lacks jurisdiction, and the dismissal should be for lack of subject matter jurisdiction.' " *Jan's Helicopter Serv., Inc. v. Fed. Aviation Admin.*, 525 F.3d 1299, 1308 (Fed.Cir.2008) (quoting *Greenlee Cnty., Ariz. v. United States*, 487 F.3d at 876); *Fisher v. United States*, 402 F.3d 1167, 1173 (Fed.Cir.2005) (The absence of a money-mandating source is "fatal to the court's jurisdiction under the Tucker Act."); *Peoples v. United States*, 87 Fed.Cl. 553, 565–66 (2009).

■ The United States Court of Federal Claims does not have jurisdiction to entertain the allegations contained in the complaint plaintiff filed in this court and styled as "joinder of actions for Conspiracy by the United States Officials" pursuant to 42 U.S.C. § 1985(3). The complaint does not provide "a short and plain statement of the grounds for the court's jurisdiction," pursuant to RCFC 8(a)(1), (2). It does not "state the necessary elements," *Holley v. United States*, 124 F.3d at 1465 (citing *Franchise Tax Bd. v. Constr. Laborers Vacation Trust*, 463 U.S. 1, 103 S.Ct. 2841), as it "tenders 'naked assertion[s]' devoid of 'further factual enhancement.' " *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. at 1949 (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. at 557, 127 S.Ct. 1955). The complaint is one paragraph long, as quoted above, and does not set forth any factual basis for the allegations of conspiracy contained therein. Nor do the attachments included with plaintiff's complaint or his subsequent filings assist his case. Like the one paragraph complaint filed in this court, each of the attachments is similarly confused and impossible to follow or decipher.

■ This court also does not have jurisdiction to review Mr. Jefferson's claims because, while he identifies the United States as the defendant in the caption of his complaint, and alleges a conspiracy by the United States, he includes no specifics as to which officer or employee of the United States is allegedly at fault. Furthermore, although plaintiff tries to incorporate the complaint he filed in the United States District Court for the Eastern District of Missouri into the complaint filed in this court, the Eastern District of Missouri complaint alleged misdeeds by state, county, or local police officers, including actions related to a traffic stop, and subsequent arrest and adjudication. In fact, no agency of the United States, nor any United States employee is identified by plaintiff as involved in the actions which form the basis of his claims filed in this court or in the District Court for the Eastern District of Missouri. All claims in the United States Court of Federal Claims must be filed against the United States as the defendant. *See* RCFC 10(a) (2011); *see*

also *Eskridge Research Corp. v. United States,* 92 Fed.Cl. 88, 95 (2010) (citing *Howard v. United States,* 230 Fed.Appx. 975, 976 (Fed.Cir.), *reh'g denied,* (2007)); *Shalhoub v. United States,* 75 Fed.Cl. 584, 585 (2007). This court lacks jurisdiction to adjudicate claims against state agencies and private individuals. *See Souders v. S.C. Pub. Serv. Auth.,* 497 F.3d 1303, 1308 (Fed.Cir.2007); *Woodson v. United States,* 89 Fed.Cl. 640, 649 (2009) (citing *Shalhoub v. United States,* 75 Fed.Cl. at 585).

Additionally, the court does not have subject matter jurisdiction over actions arising under sections of the Civil Rights Acts, including 42 U.S.C. § 1983, § 1985, and § 1988 (2006), as set forth in plaintiff's complaint in the District Court for the Eastern District of Missouri. *See Pikulin v. United States,* 97 Fed.Cl. 71, 77 (2011) ("Plaintiff also cites various provisions of the Civil Rights Acts, including § 1981, § 1983, § 1985, and § 1986, as bases for his claim. The court does not possess jurisdiction to entertain claims based on these statutes." (citing *Marlin v. United States,* 63 Fed.Cl. 475, 476 (2005) ("[T]he Court does not have jurisdiction to consider civil rights claims brought pursuant to 42 U.S.C. §§ 1981, 1983, or 1985 because jurisdiction over claims arising under the Civil Rights Act resides exclusively in the district courts."), *appeal dismissed,* 140 Fed.Appx. 256 (Fed.Cir.2005), and *Anderson v. United States,* 22 Cl.Ct. 178, 179 n. 2 (1990) (noting that the United States Claims Court lacked jurisdiction to entertain claims under § 1983, § 1985(3), and § 1986), *aff'd,* 937 F.2d 623 (Fed.Cir.1991) (unpublished table decision)), *appeal dismissed,* 425 Fed.Appx. 902 (Fed. Cir.2011)); *Hubbard v. United States,* 80 Fed.Cl. 282, 283 (2008) (noting that the Civil Rights Act encompasses 42 U.S.C. § 1988), *aff'd,* 315 Fed.Appx. 307 (Fed.Cir.2009); *Schweitzer v. United States,* 82 Fed.Cl. 592, 595 (Fed.Cl.2008) ("Likewise, this court does not have jurisdiction over the plaintiffs' civil rights claims brought under 42 U.S.C. §§ 1983, 1985 or 1986 (2000), because it is well-settled that jurisdiction over such claims lies exclusively in the district courts." (citing *Stamps v. United States,* 73 Fed.Cl. 603, 609–10 (2006) (citing *Anderson v. United States,* 22 Cl.Ct. at 179))); *Salman v. United States,* 69 Fed.Cl. 36, 39 n. 3 (Fed.Cl.2005) ("Plaintiff has also alleged unlawful prosecution on the part of the government, but has cited no money-mandating source of law that would afford him compensation for this alleged behavior of the government. Inasmuch as plaintiff's allegation might refer to the civil rights violations proscribed by 42 U.S.C. § 1983 (2000), this court has no jurisdiction over section 1983 claims." (citing *Berdick v. United States,* 222 Ct.Cl. 94, 612 F.2d 533, 536 (1979); *Marlin v. United States,* 63 Fed.Cl. at 476 (stating that this "[c]ourt does not have jurisdiction to consider civil rights claims brought pursuant to 42 U.S.C. §§ 1981, 1983, or 1985 because jurisdiction over claims arising under the Civil Rights Act resides exclusively in the district courts") (citations omitted))).

 Mr. Jefferson further alleged that he "experienced humiliation, emotional distress, pain and suffering ... also physically injured," as a result of the police officers' behavior, claims which sound in tort. By statute, this court specifically does not have jurisdiction to entertain tort claims. *See* 28 U.S.C. § 1491(a)(1); *see also Keene Corp. v. United States,* 508 U.S. 200, 214, 113 S.Ct. 2035, 124 L.Ed.2d 118 (1993); *Rick's Mushroom Serv., Inc. v. United States,* 521 F.3d at 1343; *Alves v. United States,* 133 F.3d 1454, 1459 (Fed.Cir.1998); *Brown v. United States,* 105 F.3d 621, 623 (Fed.Cir.), *reh'g denied* (Fed.Cir. 1997); *Golden Pacific Bancorp v. United States,* 15 F.3d 1066, 1070 n. 8 (Fed. Cir.), *reh'g denied, en banc suggestion declined* (Fed.Cir.), *cert. denied,* 513 U.S. 961, 115 S.Ct. 420, 130 L.Ed.2d 335 (1994); *Hampel v. United States,* 97 Fed.Cl. 235, 238 (2011), *aff'd,* 429 Fed.Appx. 995 (Fed.Cir. 2011), *cert. denied,* —— U.S. ——, 132 S.Ct. 1105, 181 L.Ed.2d 973 (2012); *Woodson v. United States,* 89 Fed.Cl. 640, 650 (2009); *McCullough v. United States,* 76 Fed.Cl. 1, 3 (2006), *appeal dismissed,* 236 Fed.Appx. 615 (Fed.Cir.), *reh'g denied* (Fed.Cir.), *cert. denied,* 552 U.S. 1050, 128 S.Ct. 675, 169 L.Ed.2d 529 (2007); *Agee v. United States,* 72 Fed.Cl. 284, 290 (2006); *Zhengxing v. United States,* 71 Fed.Cl. 732, 739, *aff'd,* 204 Fed.Appx. 885 (Fed.Cir.), *reh'g denied* (Fed. Cir. 2006).

■ Likewise, to the extent Mr. Jefferson alleged criminal conduct on the part of anyone named in the complaint he filed in the District Court for the Eastern District of Missouri, which he attached to his one paragraph complaint filed in this court, this court lacks jurisdiction to adjudicate criminal actions. *See Joshua v. United States*, 17 F.3d 378, 379 (Fed.Cir.1994) (noting the "specific civil jurisdiction" of the Court of Federal Claims); *see also Mendes v. United States*, 88 Fed.Cl. 759, 762, *appeal dismissed*, 375 Fed.Appx. 4 (Fed.Cir.2009); *Hufford v. United States*, 87 Fed.Cl. 696, 702 (2009) (holding that the Court of Federal Claims lacked jurisdiction over claims arising from the violation of a criminal statute); *Matthews v. United States*, 72 Fed.Cl. 274, 282 (finding that the court lacked jurisdiction to consider plaintiff's criminal claims), *recons. denied*, 73 Fed.Cl. 524 (2006).

■ The United States Court of Federal Claims also does not have jurisdiction over plaintiff's due process claims. The Due Process clauses are not sources of substantive law that create a right to money damages under the Tucker Act. The United States Court of Appeals for the Federal Circuit has held that this court does not possess jurisdiction to consider claims arising under the Due Process clauses of the United States Constitution. *See Crocker v. United States*, 125 F.3d 1475, 1476 (Fed.Cir.1997) (citing *Le-Blanc v. United States*, 50 F.3d 1025, 1028 (Fed.Cir.1995)) (no jurisdiction over a due process violation under the Fifth and Fourteenth Amendments); *see also In re United States*, 463 F.3d 1328, 1335 n. 5 (Fed.Cir. 2006) ("[B]ecause the Due Process Clause is not money-mandating, it may not provide the basis for jurisdiction under the Tucker Act."); *Acadia Tech., Inc. v. United States*, 458 F.3d 1327, 1334 (Fed.Cir.), *reh'g and reh'g en banc declined* (2006), *cert. denied*, 552 U.S. 940, 128 S.Ct. 50, 169 L.Ed.2d 243 (2007); *Collins v. United States*, 67 F.3d 284, 288 (Fed.Cir.) ("[T]he due process clause does not obligate the government to pay money damages."), *reh'g denied* (Fed.Cir. 1995); *Mullenberg v. United States*, 857 F.2d 770, 773 (Fed.Cir.1988) (finding that the Due Process clauses "do not trigger Tucker Act jurisdiction in the courts."); *Murray v. Unit-ed States*, 817 F.2d 1580, 1583 (Fed.Cir.1987) (noting that the Fifth Amendment's Due Process clause does not include language mandating the payment of money damages); *Hampel v. United States*, 97 Fed.Cl. at 238; *Kam–Almaz v. United States*, 96 Fed.Cl. 84, 89 (2011) (citing *Acadia Tech., Inc. v. United States*, 458 F.3d at 1334).

■ Finally, this court does not possess jurisdiction over plaintiff's First, Fourth, and Eighth Amendment claims. As this court explained in *Ogden v. United States*, 61 Fed. Cl. 44, 47 (2004):

> the First Amendment, standing alone, cannot be interpreted to require the payment of money for its alleged violation, and, therefore, does not provide an independent basis for jurisdiction in this court. Nor does the Fourth Amendment provide a basis for jurisdiction in this court. The same is true of allegations concerning violation of the Due Process clauses of the Fifth and Fourteenth Amendments and the Equal Protection clause of the Fourteenth Amendment, since nothing in those clauses can be read to mandate monetary compensation.

> Plaintiff's allegations with respect to violations of the Sixth, Eighth, Ninth and Tenth Amendments are similarly outside the jurisdiction of this court because those clauses also do not mandate monetary compensation. As summed up in *Rosano v. United States*, 9 Cl.Ct. at 142 (1985), the Court of Federal Claims has clear jurisdiction only with respect to constitutional claims founded on the Takings Clause of the Fifth Amendment, as other amendments to the Constitution do not, of themselves, mandate payment for violations. Because the plaintiff has not alleged a taking, arguing that plaintiff's claims are founded on other non-money mandating Constitutional Amendments, the claims are outside the jurisdiction of the United States Court of Federal Claims.

*Ogden v. United States*, 61 Fed.Cl. at 47 (footnote and citations omitted).

As listed above, plaintiff has filed numerous, previous complaints in federal and state courts. Therefore, this court, like the Dis-

trict Court for the Eastern District of Missouri, bars plaintiff from filing further *in forma pauperis* complaints in the United States Court of Federal Claims pursuant to the "three strikes rule." Section 1915(g) of the Prison Litigation Reform Act was enacted to discourage frivolous lawsuits, and is known as the "three strikes rule." The statute denies *in forma pauperis* status to repetitive complainants, as follows:

In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g) (2006); *see also Dudley v. United States,* 61 Fed.Cl. 685, 686 (2004); *McLean v. United States,* 566 F.3d 391, 394 (4th Cir.2009); *Pettus v. Morgenthau,* 554 F.3d 293, 296 (2d Cir.2009).

Moreover, 28 U.S.C. § 1915(e)(2)(B)(i) provides, in part:

(2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that—

(B) the action or appeal—

(i) is frivolous or malicious.

(ii) fails to state a claim on which relief may be granted

(iii) seeks monetary relief against a defendant who is immune from such relief.

In enacting 28 U.S.C. § 1915, Congress recognized that "a litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits." *Denton v. Hernandez,* 504 U.S. 25, 32–33, 112 S.Ct. 1728, 118 L.Ed.2d 340 (1992) (quoting *Neitzke v. Williams,* 490 U.S. 319, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989)); *see also McCullough v. United States,* 76 Fed.Cl. at 3.

Accordingly, Congress included a provision, which allows courts to dismiss suits determined to be "frivolous or malicious." 28 U.S.C. § 1915(e)(2)(B)(i). The United States Supreme Court also has found that "a court may dismiss a claim as factually frivolous if the facts alleged are 'clearly baseless' .... a category encompassing allegations that are 'fanciful' ... 'fantastic' ... and 'delusional....'" *Denton v. Hernandez,* 504 U.S. at 32–33, 112 S.Ct. 1728, (internal citations omitted); *see also McCullough v. United States,* 76 Fed.Cl. at 3; *Schagene v. United States,* 37 Fed.Cl. 661, 663 (1997), *appeal dismissed,* 152 F.3d 947 (Fed.Cir.1998).

Plaintiff did not pay a filing fee when he filed his complaint in this court. Although plaintiff did not file a separate *in forma pauperis* application with the complaint he filed in this court, he did attach an earlier filed *in forma pauperis* application from a case he had filed in the District Court for the Eastern District of Missouri. Even when liberally construed, plaintiff's claims currently before the court are duplicative, frivolous, without merit, and jurisdictionally defective. Plaintiff has filed far too many frivolous lawsuits in Federal Courts. The District Court for the Eastern District of Missouri, on August 13, 2011, already concluded that Mr. Jefferson "has obtained three strikes under 28 U.S.C. § 1915(g)." Plaintiff also should be considered subject to the "three strikes rule" in the United States Court of Federal Claims. In the future, Elmer Lee Jefferson is barred from filing further complaints without paying the filing fee in this court.

### CONCLUSION

The court finds that this court does not have subject matter jurisdiction to adjudicate any of the claims plaintiff has attempted to present in this court. Because plaintiff has failed to establish jurisdiction in this court, the court **DISMISSES** the plaintiff's complaint. The Clerk's Office shall enter **FINAL JUDGMENT** consistent with this opinion and is directed to accept no future filings from the plaintiff without an Order by a judge of this court approving the filing. The Clerk of the Court shall retain a copy of this Order on file, and refer to the Order in the

event any future filings are presented by Elmer Lee Jefferson.

**IT IS SO ORDERED.**