NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2008-5027

CONNELL SPAIN, SR.,

Plaintiff-Appellant,

v.

UNITED STATES,

Defendant-Appellee.

Connell Spain, Sr., of Fort Worth, Texas, pro se.

Dawn E. Goodman, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for defendant-appellee. With her on the brief were Jeffrey S. Bucholtz, Acting Assistant Attorney General, Jeanne E. Davidson, Director, and Deborah A. Bynum, Assistant Director.

Appealed from: United States Court of Federal Claims

Senior Judge Eric G. Bruggink

# United States Court of Appeals for the Federal Circuit

2008-5027

CONNELL SPAIN, SR.,

Plaintiff-Appellant,

v.

UNITED STATES,

Defendant-Appellee.

Appeal from the United States Court of Federal Claims in 07-CV-878, Senior Judge Eric G. Bruggink.

_____

DECIDED: May 7, 2008

_____

Before MICHEL, <u>Chief Judge</u>, LOURIE and GAJARSA, <u>Circuit Judges</u>.

PER CURIAM.

Connell Spain, Sr., seeks review of the United States Court of Federal Claims' December 20, 2007 order that sua sponte dismissed his complaint for lack of jurisdiction.  For the reasons set forth below, the court's order is <u>affirmed</u>.

In his complaint, Mr. Spain alleges that the United States District Court for the Northern District of Texas and the United States Court of Appeals for the Fifth Circuit denied him due process rights in violation the Fifth and Fourteenth Amendments, as well as denied him equal protection in violation of the Fourteenth Amendment, by dismissing his claims in <u>In re Connell Spain, Sr.</u>, Case No. 07-mc-00013 (N.D. Tex.

2007). The Court of Federal Claims concluded that it lacked subject matter jurisdiction over Mr. Spain's claims because neither the Due Process Clauses of the Fifth and Fourteenth Amendments nor the Equal Protection Clause of the Fourteenth Amendment are money-mandating.

This court reviews de novo the Court of Federal Claims' dismissal of Mr. Spain's complaint for lack of jurisdiction. See Samish Indian Nation v. United States, 419 F.3d 1355, 1363 (Fed. Cir. 2005). In conducting its review, this court assumes that the facts pled by Mr. Spain are true. See id. at 1364.

The Court of Federal Claims is a court of limited jurisdiction. In simple terms, the Court of Federal Claims can only hear limited types of cases. These types of cases are claims for money damages against the United States under an express or implied contract, or under a money-mandating constitutional provision, statute, or regulation. Fisher v. United States, 402 F.3d 1167, 1172 (Fed. Cir. 2005) (en banc); 28 U.S.C. § 1491(a)(1). Therefore, the ability of the Court of Federal Claims to hear Mr. Spain's case depends on whether the Due Process Clauses of the Fifth and Fourteenth Amendments or the Equal Protection Clause of the Fourteenth Amendment are money-mandating. Unfortunately for Mr. Spain, it is well-settled that these constitutional provisions are not money-mandating. See LeBlanc v. United States, 50 F.3d 1025, 1028 (Fed. Cir. 1995). Accordingly, the Court of Federal Claims is not authorized to hear the claims pled by Mr. Spain, even if they were true.[1]

---

[1] Mr. Spain argues that Court of Federal Claims Rule 12(h)(3), regarding dismissal for lack of jurisdiction, is unconstitutional. This argument is meritless.

## CONCLUSION

For the foregoing reasons, we affirm the decision of the Court of Federal Claims.

## COSTS

No costs.