NOTE: This disposition is non-precedential.

# United States Court of Appeals for the Federal Circuit

---

**NATALYA HAMPEL,**
*Plaintiff-Appellant,*

v.

**THE UNITED STATES,**
*Defendant-Appellee.*

---

2011-5068

---

Appeal from the United States Court of Federal Claims in case no. 10-CV-542, Judge Edward J. Damich.

---

Decided: July 12, 2011

---

NATALYA HAMPEL, of Darlington, Maryland, pro se.

MATTHEW F. SCARLATO, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for defendant-appellee. With him on the brief were TONY WEST, Assistant Attorney General, JEANNE E. DAVIDSON, Director, and DEBORAH A. BYNUM, Assistant Director.

---

Before RADER, *Chief Judge*, PROST, and O'MALLEY, *Circuit Judges*.

PER CURIAM.


Natalya Hampel appeals from the decision of the United States Court of Federal Claims ("Claims Court") dismissing her case for lack of subject matter jurisdiction. For the reasons explained below, we *affirm*.

## BACKGROUND[1]

Mrs. Hampel's claims relate to the death of her husband, Joseph Hampel, at a Department of Veterans Affairs ("DVA") facility on March 26, 2002. According to Mrs. Hampel, the circumstances leading to her husband's death began in October 1999, when Mr. Hampel, a World War II combat veteran, was admitted to a DVA hospital in Perryville, Maryland with weakness associated with Guillain-Barré syndrome, an autoimmune disorder that can lead to paralysis. While at the hospital, Mr. Hampel sustained a wound due to allegedly negligent treatment by DVA doctors and medical staff. The wound became infected and required surgery at another DVA hospital in Baltimore, Maryland. Mrs. Hampel claims that the DVA surgeon negligently exacerbated the wound. Mr. Hampel was, subsequently, transferred to a third hospital in Fort Howard, Maryland where the hospital staff was allegedly negligent in providing care and in approving Mr. Hampel's discharge to a fourth DVA facility before his wound had fully healed.

---

[1] This section is based on the factual allegations in Mrs. Hampel's complaint, which we take as true for the purpose of determining whether the Claims Court had subject matter jurisdiction.

Sometime in early March 2002, Mr. Hampel was transferred back to the DVA hospital in Baltimore because his health was deteriorating. By then, Mr. Hampel had become paralyzed, was still infected from the surgical wound, had a urinary tract infection, and suffered from other ailments. On March 15, 2002, Mr. Hampel was discharged and transferred to the DVA Baltimore Rehabilitation and Extended Care Center ("RECC"). According to Mrs. Hampel, the transfer was negligent because the RECC lacked the equipment necessary to treat Mr. Hampel adequately. Shortly after arriving at the RECC, Mr. Hampel caught pneumonia, and the urinary tract infection progressed into septic shock. On March 26, 2002, Mr. Hampel died from sepsis.

Following Mr. Hampel's death, Mrs. Hampel applied to the DVA for benefits, alleging that Mr. Hampel's death resulted from negligent medical treatment by DVA personnel. More than seven years of litigation ensued, including proceedings before the Board of Veterans Appeals and the United States Court of Appeals for Veterans Claims. Ultimately, Mrs. Hampel's claims were denied. She, subsequently, brought an action against the United States in the United States District Court for the District of Maryland, raising allegations similar to those found in this case. On April 15, 2010, the District Court dismissed her complaint for lack of subject matter jurisdiction and for failure to state a claim on which relief could be granted. *See Hampel v. United States*, 706 F. Supp. 2d 629 (D. Md. 2010).

On August 11, 2010, Mrs. Hampel filed a *pro se* complaint in the Claims Court, raising the following claims against the United States: (1) medical malpractice and negligence by DVA personnel which caused her husband's death; (2) violation of her constitutional rights to Due Process and Equal Protection arising from the DVA's

denial of her claims to her husband's death benefits; (3) violation of her constitutional right to privacy by DVA personnel who made allegedly false statements in medical records "designed to cast aspersions" on Mrs. Hampel; (4) "gross, reprehensible negligence" by DVA personnel who made false and abusive statements that were the proximate cause of Mr. Hampel's death and caused Mrs. Hampel to suffer emotional harm; and (5) violations of her Fourth, Fifth, Eighth, Thirteenth, and Fourteenth Amendment rights arising from the Government's use of "science-fiction type electromagnetic surveillance" against her. On October 12, 2010, the Government moved to dismiss the complaint for lack of subject matter jurisdiction. The Claims Court granted the motion, holding that the court lacked jurisdiction over: (1) the negligence and medical malpractice claims because they sound in tort; and (2) Mrs. Hampel's Due Process, Equal Protection, and privacy claims because they were premised on violations of constitutional amendments that are not money mandating. *Hampel v. United States*, 97 Fed. Cl. 235 (Fed. Cl. 2011). The court further held that, "to the extent [Mrs. Hampel] seeks remedy for the denial of her benefits claims by the DVA," the court lacks jurisdiction over such claims. *Id.*

Mrs. Hampel timely appealed to this court. We have jurisdiction pursuant to 28 U.S.C. § 1295(a)(3).

DISCUSSION

On appeal, Mrs. Hampel argues that the Claims Court erred in: (1) concluding that it lacked jurisdiction over her Due Process and Equal Protection claims; (2) failing to "accept [that] the Takings Clause of the Fifth Amendment which mandates payment for violations brings the case within" the court's jurisdiction; and (3) failing to consider the fact that Mrs. Hampel was "tor-

tured by the defendant and that she has been injured with a fatal condition by agencies of the United States." Mrs. Hampel also re-alleges various constitutional claims, but does not argue that the Claims Court erred in its determination that it lacked jurisdiction over the claims.

This court reviews de novo the Claims Court's dismissal of Mrs. Hampel's complaint for lack of jurisdiction. *See Samish Indian Nation v. United States*, 419 F.3d 1355, 1363 (Fed. Cir. 2005). In conducting this review, we take the facts alleged by Mrs. Hampel as true. *See id.* at 1364.

The Claims Court's jurisdiction arises primarily from the Tucker Act, which gives the court "jurisdiction to render judgment upon any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort." 28 U.S.C. § 1491(a). It is well-established that this statute confers jurisdiction on the Claims Court only when the constitutional provision, statute, or regulation in question expressly creates a substantive right enforceable against the federal government for money damages. *United States v. Testan*, 424 U.S. 392, 398 (1976).

With respect to Mrs. Hampel's first argument, the question is, thus, whether the Due Process Clauses of the Fifth and Fourteenth Amendments and the Equal Protection Clause of the Fourteenth Amendment are money-mandating. It is well-settled that these constitutional provisions do not mandate payment of money. *See LeBlanc v. United States*, 50 F.3d 1025, 1028 (Fed. Cir. 1995); *see also Spain v. United States*, 277 Fed. Appx. 988, 989 (Fed. Cir. 2008). Consequently, Mrs. Hampel's Due

Process and Equal Protection arguments are not well-taken.

Mrs. Hampel also argues that the Claims Court had jurisdiction because the Takings Clause of the Fifth Amendment mandates payment for violations. Whether the Takings Clause is money-mandating, however, is irrelevant because Mrs. Hampel's complaint does not allege a compensable taking.

Finally, Mrs. Hampel argues that the Claims Court failed to consider her allegation that she was "tortured" and has been "injured with a fatal condition" by the Government. This argument appears to refer to Mrs. Hampel's claim that she was injured by the Government's alleged electromagnetic surveillance. Because this claim sounds in tort, it falls outside of the Claims Court's jurisdiction. *See* 28 U.S.C. § 1491(a). Accordingly, we find this argument unpersuasive.

CONCLUSION

We have considered the other arguments raised by Mrs. Hampel and find them meritless. While we are sympathetic to Mrs. Hampel's circumstances, and recognize that her husband served his country honorably in combat, these facts cannot bring Mrs. Hampel's case within the Claims Court's limited jurisdiction. For the foregoing reasons, the decision of the Claims Court is affirmed.

**AFFIRMED**

COSTS

Each party shall bear its own costs.