# United States Court of Appeals
# for the Federal Circuit

_____

**ERIC MARTIN MATTHEWS,**
*Plaintiff-Appellant,*

**v.**

**UNITED STATES,**
*Defendant-Appellee.*

_____

2013-5109

_____

Appeal from the United States Court of Federal
Claims in No. 10-CV-0648, Judge Victor J. Wolski.

_____

Decided: May 5, 2014

_____

ERIC MARTIN MATTHEWS, of Seagoville, Texas, pro se.

AUSTIN FULK, Trial Attorney, Commercial Litigation
Branch, Civil Division, United States Department of
Justice, of Washington, DC, for defendant-appellee. With
him on the brief were STUART F. DELERY, Assistant Attorney General, JEANNE E. DAVIDSON, Director, and MARTIN
F. HOCKEY, JR., Assistant Director.

_____

Before NEWMAN, MOORE, and TARANTO, *Circuit Judges.*

NEWMAN, *Circuit Judge.*

Eric Martin Matthews appeals a decision of the Court of Federal Claims dismissing his complaint seeking military service back pay, retainer pay, and damages on various grounds.[1] The court correctly found that Mr. Matthews is not eligible for back pay or retainer pay, and dismissed the other damages claims. The judgment is affirmed.

## BACKGROUND

Mr. Matthews enlisted in the United States Navy in 1990. On September 29, 2006, while serving on active duty, he was arrested and charged with computer pornography and solicitation of a child. He pled guilty to both charges and was sentenced to prison for a term of twenty-one years and ten months, which he is currently serving. On June 6, 2007, an administrative separation board voted to discharge Mr. Matthews from the Navy with an "other than honorable" characterization of service.

On September 27, 2010, Mr. Matthews filed a complaint with the Court of Federal Claims contending that he was never properly discharged from the Navy, and thus is owed back pay from the date of his arrest, when his pay ceased. Mr. Matthews also claimed entitlement to "retainer" pay, based on a total of twenty years of service on active duty, reached while incarcerated. Mr. Matthews also presented claims under four federal statutes: the Government in the Sunshine Act, 5 U.S.C. § 552b; the Freedom of Information Act, 5 U.S.C. § 552; the Military Whistleblower Protection Act, 10 U.S.C. § 1034; and the Administrative Procedure Act, 5 U.S.C. § 706.

---

[1] *Matthews v. United States*, 2013 WL 1909989 (Fed. Cl. 2013).

The Court of Federal Claims held that it lacked jurisdiction over the claims founded on the four federal statutes because they are not money-mandating; Mr. Matthews does not appeal this aspect of the decision. The court held that Mr. Matthews failed to state claims for back pay under 37 U.S.C. § 204(a) and retainer pay under 10 U.S.C. § 6330(b), and thus dismissed those elements of the complaint under Court of Federal Claims Rule 12(b)(6).

With respect to back pay, the court found that 37 U.S.C. § 503 prohibits military service members from receiving pay for absences without leave that are not unavoidable, and that an absence due to civilian incarceration is not considered unavoidable. Thus the court concluded that Mr. Matthews is not entitled to back pay for the period for which he is incarcerated.

The Court of Federal Claims also found that Mr. Matthews is not eligible for retainer pay, because when he was arrested he had not reached the twenty years of active duty service required to receive such pay. The court found that time served in civilian confinement cannot count toward the twenty-year requirement. The court concluded that even if the facts as pleaded are viewed in the light most favorable to Mr. Matthews, he had not reached twenty years of active duty.

Thus the court dismissed the back pay claims for failure to state a claim on which relief can be granted, Rule 12(b)(6). This appeal followed.

## DISCUSSION

Dismissal for failure to state a claim under Rule 12(b)(6) receives plenary review on appeal. *Hearts Bluff Game Ranch, Inc. v. United States*, 669 F.3d 1326, 1328 (Fed. Cir. 2012). To avoid dismissal under Rule 12(b)(6) "a complaint must allege facts 'plausibly suggesting (not merely consistent with)' a showing of entitlement to

relief." *Kam-Almaz v. United States*, 682 F.3d 1364, 1367 (Fed. Cir. 2012) (quoting *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 557 (2007)).  In considering the dismissal of a *pro se* complaint, the pleading is held "to less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520 (1972).  Mr. Matthews brought this suit *pro se.*

On appeal Mr. Matthews argues, as he did before the Court of Federal Claims, that he was never properly discharged from the Navy because the requirements of 10 U.S.C. § 1168 were not followed, and that the Department of Defense Form 214 that the Navy re-issued to him is fraudulent.

10 U.S.C. § 1168 provides:

(a) A member of an armed force may not be discharged or released from active duty until his discharge certificate or certificate of release from active duty, respectively, and his final pay or a substantial part of that pay, are ready for delivery to him or his next of kin or legal representative.

Mr. Matthews states that he never received the requisite discharge certificate or an authentic Form 214.  He contends that he is still on active duty and is owed both back pay and retainer pay.

Mr. Matthews argues that in reaching its decision the Court of Federal Claims violated *Metz v. United States*, 466 F.3d 991 (Fed. Cir. 2006).  He argues that because he was on active duty under *Metz* he is entitled to pay under 37 U.S.C. § 204, and that according to *Metz* the Court of Federal Claims has jurisdiction to decide this claim on the merits.

*Metz* holds that 37 U.S.C. § 204 is money-mandating, and thus can be a basis for Court of Federal Claims jurisdiction.  However, the government does not dispute that § 204 provides a basis for jurisdiction in this case.

The Court of Federal Claims dismissed the claims at issue here under Rule 12(b)(6) for failure to state a claim, not for lack of jurisdiction under Rule 12(b)(1). *Metz* did not change § 503's requirement that service members are not entitled to pay while on an unexcused absence without leave.

**Back pay**

A service member is precluded from receiving military pay and allowances while in civilian confinement. 37 U.S.C. § 503 provides:

> § 503(a). [A service member] who is absent without leave or over leave, forfeits all pay and allowances for the period of that absence, unless it is excused as unavoidable.

Department of Defense Financial Management Regulations ("DOD FMR") state that the civilian confinement of a service member who has been tried and convicted is not deemed "unavoidable." *See* DOD FMR, vol. 7A, chapter 1 Table 1–13 ("When member is absent from duty in confinement by civil authorities…and is tried and convicted then absence may not be excused as unavoidable."). Thus Mr. Matthews, who is in federal prison after being tried and convicted, is absent from duty without leave, and his absence cannot be excused as unavoidable.

Mr. Matthews concedes that under 37 U.S.C. § 503 he would not be entitled to pay while incarcerated, but argues that under 10 U.S.C. § 1168 he is entitled to pay since he is still on active duty because he was improperly discharged. However, even if there were a flaw in his discharge papers, he is not eligible to receive pay while absent without leave unless his absence is excused as unavoidable, and civilian confinement after trial and conviction is not deemed unavoidable.

No theory supports Mr. Matthews' claim for back pay. The Court of Federal Claims correctly dismissed this claim.

## Retainer pay

Mr. Matthews' claim for retainer pay also must fail. As the Court of Federal Claims explained, time spent in civilian confinement cannot count toward the requirement that a service member must complete at least twenty years of active duty service to be eligible for retainer pay. Mr. Matthews enlisted in the Navy in 1990, and was placed in civilian confinement in 2006, where he remains. In addition, Mr. Matthews' most recent enlistment would have expired on September 15, 2007, still short of the required twenty years of active duty service. He has not alleged that he could or did re-enlist while incarcerated.

The denial of Mr. Matthews' request for back pay and retainer pay is affirmed.

No costs.

**AFFIRMED**