NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**DAVID HOVER,**
*Plaintiff-Appellant,*

**v.**

**UNITED STATES,**
*Defendant-Appellee.*

---

2014-5022

---

Appeal from the United States Court of Federal Claims in No. 1:13-cv-00895-MMS, Judge Margaret M. Sweeney.

---

Decided: June 5, 2014

---

DAVID HOVER, of Sterling, Colorado, pro se.

MARTIN M. TOMLINSON, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for defendant-appellee. With him on the brief were STUART F. DELERY, Assistant Attorney General, BRYANT G. SNEE, Acting Director, and REGINALD T. BLADES, JR., Assistant Director.

---

Before PROST,* *Chief Judge,* DYK, and BRYSON, *Circuit Judges.*

PER CURIAM.

## DECISION

David J. Hover appeals from a decision of the Court of Federal Claims dismissing his complaint for lack of subject matter jurisdiction. We affirm.

## BACKGROUND

On November 12, 2013, Mr. Hover, who is incarcerated in a Colorado state prison, filed suit in the Court of Federal Claims as a *pro se* litigant. Giving Mr. Hover's complaint a generous reading, we interpret his complaint as alleging that various federal judges and other federal court officials have violated his civil rights by acting to prevent consideration of the merits of his application for a writ of habeas corpus from the United States Supreme Court and his claims contesting the conditions of his confinement filed in the United States District Court for the District of Colorado. According to Mr. Hover, those federal judges and officials have violated his constitutional rights to due process and equal protection, thereby entitling him to relief under 42 U.S.C. § 1983. Mr. Hover also seeks injunctive relief to force his previously filed cases "to move forward to fruition" and an award of court costs that he has incurred in filing those cases.

The Court of Federal Claims dismissed Mr. Hover's complaint *sua sponte* on November 14, 2013, for lack of subject matter jurisdiction. Mr. Hover has appealed that decision to this court.

---

*     Sharon Prost assumed the position of Chief Judge on May 31, 2014.

DISCUSSION

The Court of Federal Claims properly held that it lacks jurisdiction to hear Mr. Hover's claims. The Court of Federal Claims is a court of limited jurisdiction, and is obligated to satisfy itself that it has jurisdiction to hear a case. *Nickerson v. United States*, 35 Fed. Cl. 581, 586 (1996), *aff'd*, 113 F.3d 1255 (Fed. Cir. 1997); R. Ct. Fed. Cl. 12(h)(3). The Tucker Act defines the subject matter jurisdiction of the Court of Federal Claims. It states:

> The United States Court of Federal Claims shall have jurisdiction to render judgment upon any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort.

28 U.S.C. § 1491(a)(1). The Tucker Act does not create a substantive cause of action. In order to come within the jurisdictional reach of the Tucker Act, a plaintiff "must identify a separate source of substantive law that creates the right to money damages." *Fisher v. United States*, 402 F.3d 1167, 1172 (Fed. Cir. 2005). Moreover, except in limited circumstances not relevant here, the Court of Federal Claims cannot grant equitable relief such as an injunction. *Kanemoto v. Reno*, 41 F.3d 641, 644-45 (Fed. Cir. 1994).

To the extent that Mr. Hover alleges due process and equal protection violations, the Court of Federal Claims correctly determined that it lacks jurisdiction to consider those claims because those provisions do not mandate the payment of money by the government. *LeBlanc v. United States*, 50 F.3d 1025, 1028 (Fed. Cir. 1995); *Mullenberg v. United States*, 857 F.2d 770, 773 (Fed. Cir. 1988). Moreover, 42 U.S.C. § 1983 does not create a right "enforceable against the federal government for money damages,"

*LeBlanc*, 50 F.3d at 1028, but instead creates a cause of action against a person acting under color of *state* law. Section 1983 therefore does not give rise to liability on the part of the United States. *See Dist. of Columbia v. Carter*, 409 U.S. 418, 424-25 (1973); *Sanders v. United States*, 34 Fed. Cl. 75, 80 (1995), *aff'd*, 104 F.3d 376 (Fed. Cir. 1996). To the extent that Mr. Hover's claims rely on portions of the federal criminal code, the Court of Federal Claims correctly determined that it does not possess jurisdiction over criminal matters. *See Joshua v. United States*, 17 F.3d 378, 379-80 (Fed. Cir. 1994).

Mr. Hover asserts that the Court of Federal Claims has jurisdiction over his claims because he has suffered a loss as a result of allegedly unconstitutional actions taken by government officials who are authorized to act by Congress. Mr. Hover, however, has not identified any government action that violates a money-mandating constitutional provision or statute. He therefore cannot invoke the jurisdiction of the Court of Federal Claims to adjudicate his claims.

**AFFIRMED**

Costs

No costs.