NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

_____

**GARY EUGENE MADDOX, II,**
*Plaintiff-Appellant*

**v.**

**UNITED STATES,**
*Defendant-Appellee*

_____

2025-1257

_____

Appeal from the United States Court of Federal Claims in No. 1:24-cv-00742-EDK, Judge Elaine Kaplan.

_____

Decided: July 16, 2025

_____

GARY EUGENE MADDOX, II, Providence, RI, pro se.

BRYAN MICHAEL BYRD, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for defendant-appellee. Also represented by PATRICIA M. MCCARTHY, LOREN MISHA PREHEIM, BRETT SHUMATE.

_____

Before LOURIE, DYK, and CUNNINGHAM, *Circuit Judges*.

PER CURIAM.

Gary E. Maddox II appeals pro se a decision of the United States Court of Federal Claims, dismissing his amended complaint which sought relief for alleged mishandling of documents by the Supreme Court's clerk's office in connection with petitions for certiorari and rehearing. *See Maddox v. United States*, No. 24-742, 2024 WL 4867143 (Fed. Cl. Nov. 22, 2024) ("*Decision*"). For the reasons discussed below, we *affirm*.

## I.    BACKGROUND

Mr. Maddox filed a petition for writ of certiorari with the United States Supreme Court, seeking review of a summary judgment decision against Mr. Maddox on claims brought under 42 U.S.C. § 1983. *See Decision* at *1; S. App'x 18, 20.[1] The Supreme Court denied the petition for writ of certiorari, *Maddox v. Maryland Parole Comm'n*, 144 S. Ct. 824, 218 L.Ed.2d 32 (mem.) (2024), and Mr. Maddox petitioned for rehearing. *See Decision* at *1. After a back-and-forth with the clerk's office—including during which Mr. Maddox attempted to move to publish new evidence and the office informed Mr. Maddox that his rehearing filings did not comply with the court's rules—the petition for rehearing was docketed without the motion. *See Decision* at *2; S. App'x 20–23. The Supreme Court subsequently denied the rehearing petition. *Maddox v. Maryland Parole Comm'n*, 144 S. Ct. 2576, 219 L.Ed.2d 1235 (mem.) (2024).

On July 10, 2024, Mr. Maddox filed an amended complaint[2] with the Court of Federal Claims, alleging that his

---

[1]    S. App'x refers to the Supplemental Appendix filed with the government's brief, ECF No. 11.

[2]    The operative complaint before the Court of Federal Claims is Mr. Maddox's amended complaint. *Decision* at *3; S. App'x 9, 14–24.

filing had been "drastically altered" because his motion and a sworn declaration had been removed. S. App'x 23; *see id.* at 14–24; *see also Decision* at *2–3. The amended complaint requested relief under several theories for alleged mishandling and altering of documents by the clerk's office. Mr. Maddox alleged violations of several criminal laws and codes of conduct for judicial employees. *Decision* at *3; S. App'x 18–19. He further alleged that the clerk's office breached a contract which was created between the office and him upon his paying of the filing fee. *Decision* at *3; S. App'x 19. Finally, he alleged that the clerk's office violated the Fifth Amendment's Takings Clause because "the document that was taken by the government was altered and made for public use via S.C.O.T.U.S case No. 23-759 paid for by [him]." *Decision* at *3 (quoting S. App'x 17). For these violations, Mr. Maddox sought reimbursement of his $300 filing fee as well as $9,700 in punitive damages. *Decision* at *3; S. App'x 24.

The Court of Federal Claims granted the government's motion to dismiss for lack of jurisdiction and failure to state a claim. *Decision* at *5. It also denied plaintiff's motion for a default judgment. *Id.*

Mr. Maddox appealed. We have jurisdiction under 28 U.S.C. § 1295(a)(3).

## II.   DISCUSSION

We review de novo a grant by the Court of Federal Claims of a motion to dismiss for lack of subject matter jurisdiction. *Taylor v. United States*, 959 F.3d 1081, 1086 (Fed. Cir. 2020). We also review de novo the dismissal for failure to state a claim on which relief can be granted. *Id.* Here, "we accept all well-pleaded factual allegations as true and draw all reasonable inferences in favor of" Mr. Maddox. *Cotter Corp., N.S.L. v. United States*, 127 F.4th 1353, 1366 (Fed. Cir. 2025). While pro se plaintiffs are "held to less stringent standards" on the pleadings, *Matthews v. United States*, 750 F.3d 1320, 1322 (Fed. Cir.

2014) (citation and quotation marks omitted), they must still meet the jurisdictional requirement. *See Kelley v. Sec'y, United States Dep't of Lab.*, 812 F.2d 1378, 1380 (Fed. Cir. 1987).

## A.

We first turn to the claims dismissed for lack of jurisdiction. The Court of Federal Claims did not err in dismissing these claims. *See Decision* at *4. Mr. Maddox sought relief for alleged violations of criminal statutes and codes of judicial conduct by the Supreme Court's clerk's office, all of which are well established to be outside the jurisdiction of the Court of Federal Claims. *See Joshua v. United States*, 17 F.3d 378, 379–80 (Fed. Cir. 1994) (affirming Court of Federal Claims' dismissal, holding that it "has no jurisdiction to adjudicate any claims whatsoever under the federal criminal code"). To the extent Mr. Maddox argues jurisdiction was established under the Federal Tort Claims Act for any purported torts resulting from the alleged mishandling of documents, *see* Appellant's Br. 5, 7–8 and S. App'x 72–74, the Court of Federal Claims also lacked jurisdiction over those claims. *See* 28 U.S.C. § 1491(a)(1); *Rick's Mushroom Serv., Inc. v. United States*, 521 F.3d 1338, 1343 (Fed. Cir. 2008). Similarly, the court lacked jurisdiction to award punitive damages. *See Garner v. United States*, 230 Ct. Cl. 941, 943 (1982).

On appeal, Mr. Maddox claims for the first time that the clerk's office also violated the First Amendment. Appellant's Br. 4–5. Because Mr. Maddox did not argue any First Amendment violation in his complaint before the Court of Federal Claims, he has forfeited it on appeal. *See Allen v. United States*, 88 F.4th 983, 986 (Fed. Cir. 2023) (finding appellant forfeited claims of constitutional violation not asserted before the trial court).

### B.

The Court of Federal Claims also did not err in dismissing Mr. Maddox's contract or Takings claims for failure to state a claim.

With respect to the contract claim, Mr. Maddox argued that he entered into a contract with the United States by paying the filing fee for his petition. Appellant's Br. 6, 13; *Decision* at \*4; S. App'x 19. However, payment of a filing fee alone does not create a contract between the United States and the plaintiff. *See, e.g.*, *Boyd v. United States*, 134 F.4th 1348, 1352 (Fed. Cir. 2025) (explaining contracts require, among other factors, mutuality of intent to contract). The Court of Federal Claims thus properly determined that Mr. Maddox did not plausibly plead a claim for breach of contract.

On the Takings claim, Mr. Maddox argues the clerk's office "took [p]ages containing a sworn declaration from Maddox's document [private property] then entered it on to the supreme court docket for judicial and public use[.]" Appellant's Br. 7 (second alteration in the original). The Court of Federal Claims determined that Mr. Maddox did not plausibly allege the documents were appropriated for public use as contemplated by the Fifth Amendment without just compensation but instead Mr. Maddox's claim sounded in tort. *See Decision* at \*4. We agree with the Court of Federal Claims. Moreover, "the Court of Federal Claims does not have jurisdiction to review the decisions of district courts or the clerks of district courts relating to proceedings before those courts." *Joshua*, 17 F.3d at 380. It likewise lacks jurisdiction over the Supreme Court and its clerk.

Although a document was publicly filed on a court docket, it does not mean it was taken for public use within the meaning of the Fifth Amendment, much less here where Mr. Maddox voluntarily provided the filing to the court. *See, e.g.*, *Norman v. United States*, 429 F.3d 1081,

1089 (Fed. Cir. 2005) (explaining voluntary transfer of property is not a proper basis on which to premise a Takings claim). Mr. Maddox has also not explained what "public use" results from the clerk's office allegedly omitting documents from the docket. Instead, he appears to be alleging a tort claim, over which the Court of Federal Claims lacks jurisdiction as explained above.

### III. CONCLUSION

We have considered Mr. Maddox's remaining arguments and find them unpersuasive.[3] For the above reasons, we *affirm*.

### AFFIRMED

### COSTS

No costs.

---

[3] In a separate motion, Mr. Maddox repeats many of the claims made in his opening brief, and he further asks this court to vacate the *Decision* due to alleged fraud and obstruction by the clerk's office. *See* ECF No. 21 at 1–3. Upon consideration, the motion is denied.